UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WOLF PERL, | ) Case No.: |
| Plaintiff, | ) |
| vs. | ) |
| SPECIALIZED LOAN SERVICING LLC, | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Wolf Perl, (hereinafter "Plaintiff"), by and through undersigned counsel, hereby sues Defendant, Specialized Loan Servicing LLC (hereinafter "SLS" of "Defendant"), and alleges as follows:

## PRELIMINARY STATEMENT

1.  This is an action for damages arising from Defendants violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "FCRA").

## JURSIDICTION AND VENUE

2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and §1692.

3.  Venue is proper in this district under 28 U.S.C §1191(b).

## PARTIES

4.  Plaintiff, Wolf Perl, is a natural person, whom resides in Brooklyn, New York.

5. Defendant Specialized Loan Servicing is a business entity that regularly conducts business in the State of New York with its principal place of business as 8742 Lucent Blvd. Suite 300 Highlands Ranch, Colorado 80129.

**FACTUAL STATEMENT**

6. SLS is a mortgage servicing company.

7. On a date better known by SLS, SLS obtained Plaintiff's home equity loan, and sought monthly payments on said loan.

8. On or about May 2013, Plaintiff became delinquent on his monthly payments to SLS.

9. As a result, Plaintiff's credit report reflected these delinquencies by reporting late payments each month.

10. Eventually, Plaintiff's report reflected that the loan had entered charge off status.

11. At that time which SLS placed Plaintiff's loan in charge off status, Plaintiff owed approximately $135,000 on the loan.

12. After months of non-payment, on or about December 2013, Plaintiff settled the debt with SLS by making a down payment of approximately $35,000, leaving a remaining balance of approximately $55,000.

13. Since that time, Plaintiff has continued to make regular monthly payments.

14. Once Plaintiff settled the debt, and made a substantial payment towards the balance, the debt was no longer in charge off status; rather, it became an active account once again.

15. Despite this, SLS never reflected any of Plaintiff's payments or agreements to the credit bureaus. As a result, Plaintiff's credit report continued to negatively reflect on his credit reputation.

16. In fact, SLS kept a number of false information on the trade line. First, SLS posted the current balance owed as $135,000 despite the settlement agreement between SLS and Plaintiff, and despite Plaintiff's substantial payments there towards. Second, SLS continues to present the account as in charge off despite the fact that Plaintiff is making regular payments. Third, SLS intentionally fails to report the debt as in active status at present.

17. After reviewing the report, two dispute letters were sent on Plaintiff's behalf to Trans Union LLC disputing the trade line.

18. In response, the trade line came back verified by Trans Union.

19. Upon information and belief, Trans Union forwarded the Plaintiff's disputes to SLS, and SLS failed to investigate and correct the disputes.

20. In fact, SLS has verified numerous items of false information. First, it has verified that the balance remains as $135, 28,9 despite Plaintiff's payments. Second, the trade lines continues to show the account as charged off. Third, the trade line does not show that the account is active, as it should.

21. Leaving a higher balance than accurate easily damages a consumer's credit because it appears as though the consumer has a greater amount of financial responsibility than he does, and so he is unable to secure additional amounts of credit.

22. Leaving an account in charge off status, whilst it is in fact active, has an obvious deleterious effect, and negatively reflects on any consumers payment history.

23. Finally, refusing to reflect that an account has become active, and continuing to report the account only as delinquent is a continual punitive attack on Plaintiff, despite his substantial payments.

24.     Upon information and belief, SLS does not have proper procedures in place to correct this type of inaccuracy, and in Plaintiff's case, SLS's failure to maintain reasonable procedures to investigate his dispute resulted in damages.

### COUNT I
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### BY SLS

25.     Plaintiff repeats, realleges, and reasserts the allegations contained in paragraphs 1 through 24 above and incorporates them as if specifically set forth at length herein.

26.     At all times pertinent hereto, SLS was a "person" as that term is used and defined under 15 U.S.C. § 1681a.

27.     SLS has furnished Trans Union with information concerning a home equity loan incurred by Plaintiff.

28.     Although the account was delinquent in 2013, since that time, Plaintiff has made timely payments on the debt, and paid it down substantially.

29.     Plaintiff disputed the status of the trade line with Trans Union on two occasions.

30.     Trans Union forwarded Plaintiff's disputes to SLS.

31.     After receiving notice of Plaintiff's disputes from Trans, SLS violated 15 U.S.C. § 1681s-2(b) by failing to disclose that the balance on the account is well below $135,000; by failing to fully and properly investigate the Plaintiff's dispute of the trade line in question; by failing to review all relevant information regarding the trade line; by failing to accurately respond to Trans Union; by failing to correctly report results of an accurate investigation and removing the charge off status; and by failing to permanently and lawfully corrects its own internal records to prevent the re-reporting of the incorrect trade line to a credit reporting agency.

32.     SLS's conduct, action and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, SLS was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, PLAINTIFF PRAYS that this court grant him a judgment against SLS for the greater of statutory or actual damages, punitive damages, costs, interest, and attorney's fees

### JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated this 2nd day of August, 2016.

Respectfully Submitted,

/S/ Daniel Zemel
Daniel Zemel, Esq. (DZ9899)
Zemel Law, LLC
70 Clinton Ave.
Newark, New Jersey 07114
Tel: 862.227.3106
dz@zemellawllc.com

5